1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EDDIE T. WILSON,

11           Petitioner,              No. CIV S-11-2363 CKD

12       vs.

13   BUTTE COUNTY JAIL,

14           Respondent.             <u>ORDER</u>

15   _____/

16           Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner consented to the jurisdiction of the

18   undersigned (dkt. #5).  The petition alleges that jail officials violated petitioner's constitutional

19   rights by denying his medical needs for a lower bunk and/or tier, a cane, a back brace, physical

20   therapy, medication, and mental health care.

21           Petitioner's challenges to his conditions of confinement are properly the subject of

22   an action brought pursuant to 42 U.S.C. § 1983.  Such actions have different procedural and

23   exhaustion requirements, and are governed by a different body of substantive law, than actions

24   seeking a federal writ of habeas corpus.  As the United States Supreme Court has stated:

25           Federal law opens two main avenues to relief on complaints related
             to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254,
26           and a complaint under the Civil Rights Act of 1871, Rev. Stat. §

                                      1

1979, as amended, 42 U.S.C. § 1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. . . . Federal petitions for habeas corpus may be granted only after other avenues of relief have been exhausted.  28 U.S.C. § 2254(b)(1)(A).  [Citation.] Prisoners suing under § 1983, in contrast, generally face a substantially lower gate, even with the requirement of the Prison Litigation Reform Act of 1995 that administrative opportunities be exhausted first. 42 U.S.C. § 1997e(a)**.**

Muhammad v. Close, 540 U.S.749, 750-751 (2004) (per curiam).

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain from the petition that petitioner is not entitled to federal habeas relief. Therefore, the petition should be summarily dismissed.[1]

In accordance with the above, IT IS HEREBY ORDERED that the petitioner's application for a writ of habeas corpus is summarily dismissed.  The Clerk of the Court is directed to serve a copy of the petition filed in this case together with a copy of this order on the Attorney General of the State of California.

 Dated: November 17, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
wils2363.156b

---

[1]  Petitioner may re-file the instant claims in an action pursuant to section 1983.  Petitioner is advised that the statutory filing fee for such an action is $350.00.   28 U.S.C. §§ 1914(a), 1915(b)(1). A section 1983 inmate plaintiff proceeding in forma pauperis is obligated to pay this fee in monthly installments from his or her prison trust account.